UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Arthur Dale Senty-Haugen,                    Civil No. 10-3073 (ADM/FLN)

               Petitioner,

    v.                                     **ORDER & REPORT AND
                                             RECOMMENDATION**

Cal Ludeman,

               Respondent.

_____

Petitioner, *Pro Se*.
Steven H. Alpert, Assistant Minnesota Attorney General, for Respondent.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on a
Petition for a Writ of Habeas Corpus filed by Arthur Dale Senty-Haugen ("Petitioner"). (ECF
No. 1.)  Respondent filed an answer, motion to dismiss, and memorandum in opposition to the
petition. (ECF Nos. 6 and 7.)  Petitioner filed a reply brief. (ECF No. 10.)  The matter was
referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and
Local Rule 72.1.  For the reasons set forth below, this Court recommends that Petitioner's
Petition for a Writ of Habeas Corpus (ECF No. 1) be **DENIED** and Respondent's Motion to
Dismiss (ECF No. 6) be **GRANTED**.

## I. BACKGROUND

In 1993, Petitioner pled guilty to seven counts of criminal sexual conduct and one count
of witness tampering and served an executed prison sentence. *In re Senty-Haugen*, 1997 WL
328015 at *1 (Minn. Ct. App. June 17, 1997).  In 1996, Ramsey County District Judge Margaret
M. Marrinan indefinitely committed Petitioner to the custody of the Minnesota Sex Offender

Program ("MSOP") as a sexual psychopathic personality and sexually dangerous person ("SPP/SDP"), pursuant to Minn. Stat. §§ 253B.02, subds. 18b and 18c and 253B.185. (ECF No. 8 at 409–33); *Senty-Haugen v. Goodno*, 462 F.3d 876, 880 (8th Cir. 2006). Judge Marrinan ordered Petitioner's commitment on March 29, 1996, and the district court issued a warrant for commitment on April 1, 1996. (ECF No. 1, Ex. A at 1.) Petitioner appealed, and the Minnesota Court of Appeals affirmed his commitment on June 17, 1997. *In re Senty-Haugen*, 1997 WL 328015 at *1 (Minn. Ct. App. June 17, 1997), *rev. granted* (Minn. August 26, 1997). The Minnesota Supreme Court granted review and affirmed the decision on August 20, 1998. *In re Senty-Haugen*, 583 N.W.2d 266 (Minn. 1998). The court denied rehearing on September 17, 1998. *Id.*

In 2000, Petitioner pled guilty to felony theft, theft by false representation, fraud in obtaining credit and theft by swindle for criminal activity while an MSOP patient and served his sentence in a state correctional facility. *Senty-Haugen v. Dingle* (Case No. 02-CV-574, ECF No. 8 at 2–3); *see Senty-Haugen v. Goodno*, 2005 WL 2917464 at *1 (D. Minn. Nov. 4, 2005); *State v. Senty-Haugen*, 2001 WL 345648 (Minn. Ct. App. Apr. 10, 2001).[1] After serving his sentence, Petitioner returned to MSOP in May 2002. *Senty-Haugen v. Goodno*, 2005 WL 2917464 at *1. Then, on November 16, 2004, while in the custody of MSOP, Petitioner was indicted by a grand jury on federal charges in the United States Court for the District of Minnesota. (*See* ECF No. 1, Ex. A at 1.) Petitioner ultimately pled guilty to five counts of aiding and abetting false claims and one count of conspiracy to defraud the government in connection with a tax fraud scheme. *Senty-Haugen v. Goodno*, 2005 WL 2917464 at *1; *United States v. Senty-Haugen*, 449 F.3d

---

[1] The Court recognizes that, in 2002, Petitioner filed a habeas petition in this Court challenging his 1999 state court criminal conviction and sentence. *See Senty-Haugen v. Dingle* (Case No. 02-CV-574). The instant petition, however, disputes the constitutionality of Petitioner's civil commitment and is separate and distinct from that which was previously filed.

2

862, 863 (8th Cir. 2006). On August 25, 2005, United States District Judge Richard H. Kyle sentenced Petitioner to 57 months incarceration to be served in a federal facility. (Case No. 04-CR-443, ECF No. 23.)

On June 30, 2008, prior to the completion of Petitioner's federal sentence, Ramsey County District Judge Margaret M. Marrinan issued a hold and transport order, finding that Petitioner "has not been discharged from his indeterminate civil commitment as a sexually psychopathic personality and a sexually dangerous person and remains civilly committed to the Minnesota Sex Offender Program." (ECF No. 1, Ex. A at 2.) Judge Marrinan concluded that "[t]he Warrant of Civil Commitment issued by this Court [on] April 1, 1996, remains valid and in effect" and that, but for the federal writ of habeas corpus ad prosequendum, Petitioner would have remained in MSOP custody pursuant to his civil commitment. (ECF No. 1, Ex. A at 2.) She thus ordered MSOP to take custody of Petitioner "immediately upon his release from Bureau of Prisons custody" and to hold and transport him to an MSOP facility. (ECF No. 1, Ex. A at 3.)

Petitioner returned to MSOP on January 6, 2009. (ECF No. 8 at 677.) In April 2009, Petitioner sought a writ of habeas corpus from the Carlton County District Court, which the court denied without a hearing on August 5, 2009. (ECF No. 8 at 621–25, 677.) On appeal from that order, Petitioner challenged the constitutionality of the Minnesota Commitment and Treatment Act and contended that proof beyond a reasonable doubt is required for civil commitment, arguments that the Minnesota Court of Appeals addressed on the merits and ultimately rejected. (ECF No. 8 at 678–80.) The appellate court also noted that Petitioner raised "several arguments that are outside the scope of review for habeas petition," including Petitioner's assertion that "he was denied due process of law when he was returned to the custody of the MSOP after his release from federal prison in early 2009" by way of Judge

3

Marrinan's 2008 hold and transport order. (ECF No. 8 at 680.) The court found that Petitioner "did not appeal this order, and he cannot use habeas proceedings to substitute for an appeal." (ECF No. 8 at 680.) Accordingly, the Minnesota Court of Appeals affirmed the district court's denial of the petition. (ECF No. 8 at 681.) On June 15, 2010, the Minnesota Supreme Court denied review. (ECF No. 1, Ex. G at 25.)

In the instant action, Petitioner raises three arguments in support of his federal petition for habeas relief. First, MSOP relinquished jurisdiction over him and terminated his civil commitment, thus requiring a new petition for commitment in order to protect Petitioner's "liberty interests." (ECF No. 1 at 2–3.) Second, Petitioner has been denied equal protection and due process because Minn. Stat. §§ 253B.18 and 253B.185 "creat[e] a punitive confinement and impos[e] greater burdens on SPP/SDP commitments than on others committed under the Minnesota Commitment and Treatment Act." (ECF No. 1 at 3.) Third, "[t]he clear and convincing evidence standard required by [the] Act is unconstitutional and is insufficiently reliable for commitment as a[n] SPP/SDP" because the United States Supreme Court has prescribed a standard of "beyond a reasonable doubt" for civil commitments. (ECF No. 1 at 3–4.) To some extent, Petitioner raised all three claims to the Minnesota Court of Appeals in his appeal of the Carlton County District Court's denial of his 2009 habeas petition, but not in his initial appeal of the Ramsey County District Court's 1996 commitment order. (*See* ECF No. 8 at 677–81); *In re Senty-Haugen*, 1997 WL 328015 (Minn. Ct. App. June 17, 1997).

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the standard that governs this Court's review of habeas corpus claims raised by individuals in state custody. The relevant portion of the AEDPA, 28 U.S.C. § 2254(d), provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In *Williams v. Taylor*, 529 U.S. 362 (2000), the United States Supreme Court discussed the meaning of this statute and how it should be applied by the federal district courts. The Court held that:

> [A] state-court decision can be "contrary to" this Court's clearly established precedent in two ways. First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours . . . .
>
> Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id*. at 405, 413. The Court further explained the "unreasonable application" clause:

> A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable . . . . [A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id*. at 409, 411.

5

A writ of habeas corpus may also be available where the state court's resolution of a case is based on "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). In other words, habeas relief may be granted if the state court's judgment is based on findings of fact that could not reasonably be derived from the evidentiary record. When reviewing a state court decision, however, a "federal court . . . presumes that the state court's factual determinations are correct," and that presumption "may be rebutted only by clear and convincing evidence." *Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000), citing 28 U.S.C. § 2254(e)(1).

Therefore, a federal district court is not permitted to conduct its own de novo review of a habeas petitioner's constitutional claims. Habeas relief cannot be granted unless the petitioner has identified, and substantiated, a specific error committed by the state courts. Moreover, he must show that the state courts committed the type of error that is actionable under § 2254(d), as that statute has been interpreted by the Supreme Court in *Williams*. Demonstrating actionable error requires that a petitioner, as a threshold matter, present a federal question in his petition for relief. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")

### III. LEGAL ANALYSIS

**A.       Constitutional Challenges to Petitioner's Civil Commitment Are Untimely.**

Petitioner's second and third claims challenge the constitutionality of the civil commitment statutes and the standard for commitment requiring clear and convincing evidence. These claims, however, are barred by the statute of limitations set forth in 28 U.S.C. § 2244(d).

6

28 U.S.C. § 2244(d) states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).   According to the statute, a petitioner seeking habeas corpus relief from a state-imposed commitment must file his petition within one year after the court's judgment "became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).   The statute provides for a tolling of the one-year period in the event that: (1) the petitioner's inability to file in a timely manner resulted from a state-created impediment; (2) the petition relies on a right, newly recognized by the Supreme Court, that is retroactively applicable to cases on collateral review; or (3) the date on which the facts that underlie the claims presented could have been discovered through the exercise of due diligence differs from the date the judgment became final. 28 U.S.C. § 2244(d)(1).   The statute further excludes the time during which a properly filed application for state post-conviction or other collateral review is pending from counting toward the period of limitation.   28 U.S.C. § 2244(d)(2).

In the instant case, the one-year period began to run when Petitioner's commitment "became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court.  Therefore, the judgment of commitment did not become final until the time for filing a petition for a writ of certiorari expired.  *See Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998), *cert. denied*, 528 U.S. 1187 (1999).

Pursuant to the rules of the United States Supreme Court, "a petition for a writ of certiorari to review a judgment in any case . . . entered by a state court of last resort . . . is timely when it is filed with the Clerk of [the Supreme] Court within 90 days after entry of the judgment." SUP. CT. R. 13.1.  The rules further state that:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).  But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing.

SUP. CT. R. 13.3; *see also* MINN. R. CIV. APP. P. 136.02 ("The service and filing of a petition for review to, or rehearing in, the Supreme Court shall stay the entry of the judgment. Judgment shall be entered immediately upon the denial of a petition for review or rehearing.").

Here, Petitioner was civilly committed in 1996. The Minnesota Court of Appeals affirmed his commitment on June 17, 1997. *Id.* The Minnesota Supreme Court granted review and affirmed the decision on August 20, 1998. *In re Senty-Haugen*, 583 N.W.2d 266 (Minn. 1998). The court denied rehearing on September 17, 1998. *Id.*

8

Having reviewed 28 U.S.C. § 2244(d)(1)(A) and Supreme Court Rules 13.1 and 13.3, the Court concludes that Petitioner's judgment of commitment became final, by the expiration of the time for seeking direct review, on December 16, 1998.[2] Pursuant to 28 U.S.C. § 2244(d)(1)(A), the limitation period expired one year thereafter, on December 16, 1999. Petitioner signed and dated the petition now before the Court on July 20, 2010. (ECF No. 1.) The Clerk of Court filed the document on July 21, 2010. (ECF No. 1.) Therefore, the instant petition was not filed within the time period required by 28 U.S.C. § 2244(d)(1)(A).

Moreover, Petitioner's appeal of the initial commitment order argued only that "the district court erred in failing to make sufficient findings regarding the availability of less restrictive alternative programs and in determining that the county was not obligated to provide funding for treatment at Alpha Human Services." *In re Senty-Haugen*, 1997 WL 328015 at *1 (Minn. Ct. App. June 17, 1997), *rev. granted* (Minn. August 26, 1997). The appeal did not challenge the constitutionality of the civil commitment statutes or the applicable standard for commitment. Rather, Petitioner raised the latter claims for the first time in his state petition for habeas relief, dated March 30, 2009, almost ten years after the judgment of commitment became final. (*See* ECF No. 8 at 457–61.) Still, "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001).

---

[2]As stated by Supreme Court Rule 13.3 and Minnesota Rule of Civil Appellate Procedure Rule 136.02, the time to file a petition for a writ of certiorari in the United States Supreme Court runs from the date of the denial of the request for rehearing. SUP. CT. R. 13.3; MINN. R. CIV. APP. P. 136.02. Since "a petition for a writ of certiorari to review a judgment in any case . . . entered by a state court of last resort . . . is timely when it is filed with the Clerk of [the Supreme] Court within 90 days after entry of the judgment," the judgment became final by the expiration of the time to seek direct review—90 days after September 17, 1998 (the date on which Petitioner's request for rehearing was denied). SUP. CT. R. 13.1, 13.3; 28 U.S.C. § 2244(d)(1)(A). As the time to file a petition for a writ of certiorari "runs from the date of the denial of rehearing," Petitioner had until December 16, 1998 (90 days after the Minnesota Supreme Court denied his petition for rehearing) to file a petition for a writ of certiorari. SUP. CT. R. 13.3.

Although Petitioner appears to argue that he has been "prejudiced" by state court filing requirements and that conditions of confinement at MSOP have become more restrictive since 2005, Petitioner does not assert that the one-year limitation period should be tolled in any way pursuant to the factors set forth in 28 U.S.C. § 2244(d). (*See* ECF No. 10 at 3, 7–8.)

In light of the applicable statute of limitations, at a minimum, Petitioner's second and third claims, which respectively challenge the constitutionality of the SPP/SDP commitment statutes and the "clear and convincing" standard for commitment, are untimely and must be dismissed.

**B.     Petitioner Has Procedurally Defaulted On His Jurisdictional Claim.**

Even assuming, without deciding, that Petitioner's first claim for lack of jurisdiction is timely under 28 U.S.C. § 2244(d), Petitioner has procedurally defaulted on that claim. Petitioner asserts that "MSOP did not have jurisdiction to request a court order for hold and transport" or to further detain him "without providing proper due process." (ECF No. 1 at 2–3.) He argues that he was deprived of due process when,  after serving his federal sentence,  he returned to MSOP custody on January 6, 2009, pursuant to the June 30, 2008 hold and transport order, without the benefit of a second petition for commitment or an additional hearing. (*See* ECF No. 3 at 4.)

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of an individual in state custody unless he has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982). When a petitioner has not exhausted his state court remedies for a particular claim and state procedural rules preclude any further attempts to satisfy the exhaustion

requirement as to that claim, the claim has been procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding unless the petitioner has shown "cause and prejudice" to excuse his procedural default or, in the alternative, there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. *Id.* The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that a 'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995), quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Additionally, "[i]n evaluating a petition for federal habeas corpus relief, a district court is precluded from considering any issue that a state court has already resolved on an independent and adequate state law ground. This includes cases in which the state judgment turns on an independent and adequate state procedural ground, such as a state court determination that a claim has been lost because of default." *Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002) (citations omitted).

Here, Petitioner failed to exhaust his state court remedies by failing to appeal the June 30, 2008 district court order that found that he had never been discharged from commitment.[3] The Minnesota Court of Appeals determined that his claim regarding his return to MSOP custody was "outside the scope of review for a habeas petition" on an independent and adequate state procedural ground. Because the Minnesota Court of Appeals dismissed the claim on an independent and adequate state procedural ground, and because Petitioner has not demonstrated

---

[3]Petitioner claims that he requested that his attorney appeal Judge Marrinan's June 30, 2008 hold and transport order and that "[s]he refused." (ECF No. 1.) Instead of filing an appeal, Petitioner proceeded to file *pro se* petitions for habeas corpus in state court. (*See e.g.* ECF No. 1, Ex. B.)

his innocence, or  cause and actual prejudice to excuse his procedural default, this Court is precluded from considering the issue. *See Reagan*, 279 F.3d at 656.

Applying the relevant statute of limitations and the standard for procedural default described above, all of Petitioner's claims must be dismissed. For the reasons articulated herein, the Court concludes that Petitioner is not entitled to a substantive evaluation of his constitutional claims for habeas relief pursuant to 28 U.S.C. § 2254(d).

## IV.  ORDER

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's requests for an evidentiary hearing and for appointment of counsel are **DENIED**.

## V.  RECOMMENDATION

Based upon the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1)  Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) be **DENIED**;

2)  Respondent's Motion to Dismiss (ECF No. 6) be **GRANTED**;

3)  This matter be **DISMISSED WITH PREJUDICE**; and

4)  **JUDGMENT BE ENTERED ACCORDINGLY**.

It is further recommended, pursuant to 28 U.S.C. § 2253(c), that a Certificate of Appealability not be issued.

DATED: April 4, 2011                      *s/ Franklin L. Noel*
                                          FRANKLIN L. NOEL
                                          United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **April 18, 2011** written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.