UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Arthur Dale Senty-Haugen,

        Petitioner,   **MEMORANDUM OPINION AND ORDER**

v.   Civil No. 10-3073 ADM/FLN

Cal Ludeman,[1]

        Respondent.

---

Arthur Dale Senty-Haugen, pro se.

Steven H. Alpert, Esq., Assistant Attorney General, St. Paul, MN, on behalf of Respondent.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Petitioner Arthur Dale Senty-Haugen's ("Senty-Haugen") Objections [Docket No. 12] to Magistrate Judge Franklin L. Noel's April 4, 2011 Report and Recommendation ("R&R") [Docket No. 11] which recommends dismissing Senty-Haugen's Petition for a Writ of Habeas Corpus [Docket No. 1]. Senty-Haugen's habeas petition raises three claims: (1) he was denied due process of law when, upon his release from federal custody, the Minnesota Sex Offender Program ("MSOP") took custody of him without a second petition for commitment or an additional hearing; (2) Minnesota's civil commitment statutes are unconstitutional because they "creat[e] a punitive confinement and impos[e] greater burdens on SPP/SDP [sexual psychopathic personality and sexually dangerous person] commitments than on others committed under the

---

[1] At the time Senty-Haugen filed this petition, Cal Ludeman served as the Commissioner of the Minnesota Department of Human Services ("DHS") and was the named Respondent. Lucinda E. Jesson is the current Commissioner of the Minnesota DHS.

Minnesota Commitment and Treatment Act"; and (3) the "clear and convincing" standard of commitment required by the Minnesota Commitment and Treatment Act is unconstitutional because the United States Supreme Court requires proof "beyond a reasonable doubt" for civil commitments. Judge Noel concluded that Senty-Haugen's first claim was procedurally defaulted and could not be excused, and that his second and third claims were barred as untimely. For these reasons, Judge Noel recommended that Senty-Haugen's petition be denied. The procedural and factual background described in the R&R are incorporated by reference. Based on a de novo review of the record, Senty-Haugen's Objections are overruled and the R&R is adopted.

## II.  DISCUSSION

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

### A. Claim One

On March 29, 1996, Ramsey County District Judge Margaret M. Marrinan ordered Senty-Haugen indefinitely committed to the custody of the MSOP as an SPP/SDP and issued a warrant for commitment on April 1, 1996. In 2000, Senty-Haugen pled guilty to felony charges and served a sentence in a state correctional facility. In 2002, Senty-Haugen went from the state correctional facility back to the MSOP. In November, 2004, Senty-Haugen was indicted by a grand jury on federal charges and eventually pled guilty to five counts of aiding and abetting false claims and one count of conspiracy to defraud the government in connection with a tax fraud scheme, and was sentenced to 57 months' imprisonment in a federal facility.

Before Senty-Haugen's federal sentence ended, Judge Marrinan issued a hold and transport order which directed the MSOP to take custody of Senty-Haugen immediately upon his release from federal custody. On January 6, 2009, Senty-Haugen returned to the MSOP in Moose Lake where he currently resides.

In April 2009, Senty-Haugen filed a petition for a writ of habeas corpus in Carlton County District Court. The petition was denied. Senty-Haugen appealed raising several arguments, including the claim at issue here, namely, that his return to the MSOP custody upon his release from federal custody pursuant to Judge Marrinan's hold and transport order violated due process because there was no second petition for commitment or additional hearing. The Minnesota Court of Appeals declined to reach the merits of the claim finding that Senty-Haugen did not appeal the hold and transport order and that the habeas proceedings could not "substitute for an appeal." Senty-Haugen's petition for review to the Minnesota Supreme Court was denied. On July 21, 2010, Senty-Haugen filed this petition in federal court raising this same claim.

Judge Noel determined that because Senty-Haugen failed to exhaust his state court remedies, the claim was procedurally defaulted and Senty-Haugen had not proffered any reason to excuse the default in his initial petition to the Court. Judge Noel thus recommended dismissing the claim. Now, however, Senty-Haugen argues in his Objections that cause exists to excuse his procedural default because his counsel was ineffective for failing to appeal Judge Marrinan's hold and transport order.

Even assuming that cause exists to excuse Senty-Haugen's procedural default, his claim fails on the merits. Judge Marrinan's March 29, 1996 order committed Senty-Haugen to the custody of the MSOP indefinitely. When Senty-Haugen was transferred to federal custody

pursuant to the writ of habeas corpus ad prosequendum, he was already in the custody of the MSOP.  "As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person."  United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005) (citations omitted).  In this case, the MSOP first obtained custody of Senty-Haugen and therefore, has primary jurisdiction over him indefinitely pursuant to Judge Marrinan's order.  Senty-Haugen's time spent in federal custody based on a federal writ before being returned to the MSOP does not change primary jurisdiction from the state to the federal government, and the MSOP did not relinquish its primary jurisdiction by complying with the writ.  Id. at 966-97 ("[W]hile under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign.") (citation omitted); see also Munz v. Michael, 28 F.3d 795, 798 (8th Cir. 1994) (quoting Sinito v. Kindt, 954 F.2d 467, 469 (7th Cir.)) ("'[I]ssuance of a writ of habeas corpus ad prosequendum d[oes] not alter [the defendant's] custody status.  It merely change[s] the location of his custody for the sentence he was already serving.'") (citation omitted).  Senty-Haugen was, in effect, temporarily removed or "on loan" from the primary jurisdiction of the MSOP pursuant to the federal writ.  Once his federal sentence was completed, he was properly returned to the custody of the MSOP to carry out an indefinite sentence.  For these reasons, Senty-Haugen's argument fails and claim one is  dismissed with prejudice.

**B.  Claims Two and Three**

Judge Noel concluded claims two and three were barred by the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A) and should therefore be dismissed with prejudice.

In his Objections, Senty-Haugen moves to dismiss "causes of action II and III without prejudice." Judge Noel determined that Senty-Haugen's judgment of commitment became final on December 16, 1998, at which time the federal habeas corpus statute of limitations began to run. The one-year limitations period expired on December 16, 1999 but Senty-Haugen did not file the petition in this matter until July 21, 2010, more than ten years after the limitations period ended. Senty-Haugen does not dispute Judge Noel's determination; the instant petition is clearly time-barred and Senty-Haugen provides no reason that could save this action from being time-barred. Thus, claims two and three are also dismissed with prejudice.

### III. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this habeas petition differently, or that any of the issues raised in Senty-Haugen's motion would be debatable among reasonable jurists. Therefore, the Court declines to grant a certificate of appealability.

### IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Senty-Haugen's Objections [Docket No. 12] are **OVERRULED**;

2. Judge Noel's R&R [Docket No. 11] is **ADOPTED**;

3. Senty-Haugen's Motion for Leave to Proceed in forma pauperis [Docket No. 2]

   is **DENIED**;

4. Senty-Haugen's Petition [Docket No. 1] is **DISMISSED WITH**

   **PREJUDICE**.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**

                                             BY THE COURT:


                                                 s/Ann D. Montgomery
                                             ANN D. MONTGOMERY
                                             U.S. DISTRICT JUDGE

Dated:  June 8, 2011.